IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AHMED GAD,
    Plaintiff,

v.      CIVIL ACTION NO. 18-CV-3900

NORTHAMPTON COUNTY, *et al.*,
    Defendants.

## MEMORANDUM

GOLDBERG, J.      SEPTEMBER 17, 2018

*Pro se* Plaintiff Ahmed Gad, an inmate currently incarcerated at SCI Waymart, filed this civil action pursuant to 42 U.S.C. § 1983 against Northampton County, the Northampton County Jail, Mr. Harman ("The One Who Runs the Jail and Everyone Responsible in Jail"), Philip Viglione, and James Connell, both of whom are public defenders, regarding events that occurred during his prior incarceration in the Northampton County Jail. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Gad leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

### I.     FACTS

Gad was incarcerated at the Northampton County Jail from June 6, 2017 until April 4, 2018. (Compl. at 5.)[1] He alleges that while he was there, he was "segregated" and "prevented from practicing [his] religion." (*Id.* at 7.) Gad also contends that he suffered broken ribs after being assaulted by an officer. (*Id.*) He was also "prevented from commissary or even normal trays." (*Id.*) All of his trays were "messed up," and he overheard an officer tell the tier worker that the tier worker could put his genitalia in Gad's tray. (*Id.*) Gad claims that the officer also

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

allowed the tier worker to attack him in his cell on January 20, 2018. (*Id.*) Officers also put papers on his cell door, referring to him as a homosexual. (*Id.*) He alleges that in his cell, he could not see "if it [was] day or night [and could not] even see a clock." (*Id.*) Gad states that he was forced to use cold water "in the snow cold winter for 7 month[s]." (*Id.*) He also indicates that he received "no yard" time and that sometimes the officers did not turn on the lights "for days." (*Id.*)

With respect to Viglione and Connell, Gad alleges that they told him that they "hate Muslims" and that he "deserve[s] to go to jail." (*Id.* at 3, 5.) He also contends that Viglioni failed to challenge one of the witnesses against him and that his lawyers failed to submit evidence that he had assisted law enforcement in another matter. (*Id.* at 6, 8.) Gad indicates that one of his attorneys told him that "if [he] open[ed his] mouth [he] will never get out of jail." (*Id.* at 8.) He argues that Viglioni "gave [the DA] all [his] file to put more charges on [him]." (*Id.* at 14.) He asserts that Connell lied about his appeal and told him that he was appealing the whole case when he was only appealing the sentence. (*Id.* at 19.) Public dockets reflect that Viglione and Connell represented Gad during his state criminal proceedings. *See Commonwealth v. Gad*, Docket Nos. CP-48-0003326-2016 & CP-48-CR-0003404-2017 (Northampton Cty. Common Pleas). In the 2016 case, Gad was convicted of simple assault and harassment-subject other to physical contact, and he was convicted of perjury, criminal solicitation-perjury, and witness intimidation in the 2017 case. *Id.*

As relief, Gad states that he "want[s] fair and justice" because he has been "tortured mentally, ph[y]sically, financially, [and] unfairly." (Compl. at 9.) He also appears to assert that he was wrongfully convicted and sentenced in Docket No. CP48-0003404-2017. (*Id.* at 12.)

## II.    STANDARD OF REVIEW

The Court will grant Gad leave to proceed *in forma pauperis* because it appears that he is

2

not capable of paying the fees to commence this civil action.² Accordingly, Gad's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Gad is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III. **DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons set forth below, Gad's Complaint fails to state a claim for relief at this time.

A. **Claims Regarding Wrongful Conviction**

Gad appears to suggest that he was charged with "fake charges" in the 2017 case. To the extent he is challenging his convictions and sentences for perjury, criminal solicitation-perjury, and witness intimidation, To the extent that Harris is challenging his conviction and sentence for resisting arrest, his claims are not cognizable in this action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

² However, because Gad is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Therefore, to the extent Gad seeks to challenge these convictions and sentences, he may not do so in this § 1983 action because they have not been invalidated.

### B. Claims Against Northampton County

Gad first seeks to proceed against Northampton County. A municipal body or other local government unit which is not part of a state for Eleventh Amendment purposes, such as Northampton County, may be a "person" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, Gad has failed to state a claim against Northampton County because nothing in his Complaint alleges that the violation of his constitutional rights stemmed from a municipal policy or custom. *See id.* at 694 (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury). Accordingly, Gad's claims against Northampton County will be dismissed at this time.

### C. Claims Against Northampton County Jail

Gad has also named the Northampton County Jail as a Defendant in this matter. His claims against the facility, however, must be dismissed because the Northampton County Jail "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-

6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

### D. Claims Against Mr. Harman

Gad seeks to hold Mr. Harman liable because he "runs the jail . . . and he do[es] what he want[s]." (Compl. at 5.) He also claims that Harman denied "all [his] request[s]." (*Id.*) As discussed below, Gad fails to state a claim for relief against Harman.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Gad's generalized, speculative allegation about Harman is an insufficient basis for imposing liability against him, especially in light of the number of conditions Gad challenges. Moreover, to the extent Gad seeks to hold Harman liable based on his involvement in the review of his grievances, "[t]he failure of a prison official to provide a favorable response to an inmate

5

grievance is not a federal constitutional violation." *Gordon v. Vaughn*, No. Civ. A. 99-1511, 1999 WL 305240, at *2 (E.D. Pa. May 12, 1999); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) (concluding that dismissal of claims against defendants regarding "their involvement in the post-incident grievance process" was proper). Accordingly, Gad's claims against Harman will be dismissed at this time.

Gad also refers to "everyone responsible in jail." While not clear, it appears that Gad may be attempting to hold individual employees of the Northampton County Jail liable through this reference. While it would be appropriate for Gad to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual he seeks to proceed against was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes*, 766 F.3d at 320. It is not appropriate for Gad to sue all employees unless each and every employee was personally involved in violating his rights. Thus, his allegations are insufficient to state a claim without any reference to which specific individuals engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

### E.     Claims Against Philip Viglione and James Connell

Finally, Gad alleges that Viglione and Connell, both of whom are public defenders, violated his rights in connection with their representation of him during his state criminal proceedings. Specifically, Gad states that they told him that they "hate Muslims" and that he "deserve[d] to go to jail. (Compl. at 3-4.) While the Court does not condone such behavior, Gad cannot maintain his constitutional claims against Viglione and Connell because they are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions

6

as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, Gad's claims against Viglione and Connell will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gad leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Gad's claims against the Northampton County Jail, Philip Viglione, and James Connell will be dismissed with prejudice. Any claims challenging Gad's convictions and sentences for perjury, criminal solicitation-perjury, and witness intimidation, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), will be dismissed without prejudice to Gad's right to pursue them in a new lawsuit if and when his convictions are invalidated. Gad's remaining claims will be dismissed without prejudice to his right to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.