IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMED GAD,<br>  Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 18-CV-3900 |
| | : |
| NORTHAMPTON COUNTY, *et al.*,<br>  Defendants. | :<br>: |

## ORDER

AND NOW, this 17th day of September, 2018, upon consideration of Plaintiff Ahmed Gad's Motion for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(b).

2. Gad, #NH-8617, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Gad, an initial partial filing fee of $2.82 is assessed. The Superintendent or other appropriate official at SCI Waymart or at any other prison at which Gad may be incarcerated is directed to deduct $2.82 from Gad's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-3900. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at SCI Waymart or at any other prison at which Gad may be incarcerated, shall deduct from Gad's account, each time that his inmate trust fund account exceeds $10.00, an amount no greater than 20 percent of the money credited to his account

during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 18-3900.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Waymart.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth in the Court's Memorandum. Gad's claims against the Northampton County Jail, Philip Viglione, and James Connell are **DISMISSED with prejudice**. Any claims challenging Gad's convictions and sentences for perjury, criminal solicitation-perjury, and witness intimidation, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are **DISMISSED without prejudice** to Gad's right to pursue them in a new lawsuit if and when his convictions are invalidated. Gad's remaining claims are **DISMISSED without prejudice** to his right to file an amended complaint.

6. Gad is given leave to file an amended complaint within thirty (30) days of the date of this Order in the event he can state a plausible claim for relief against a proper individual or entity. Any amended complaint must name all defendants in the caption. Any individual or entity that is not listed in the caption will not be treated as a defendant. The amended complaint must also provide as much identifying information for the defendants as possible and must describe how each defendant was responsible for violating Gad's rights. Any amended complaint shall not pursue claims against the Northampton County Jail, Philip Viglione, and James Connell, or claims that challenge any convictions that have not been invalidated. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

7. The Clerk of Court is **DIRECTED** to provide Gad a blank form complaint to be used by a prisoner filing a civil rights act. The Clerk of Court shall write the civil action number of this case on the form. Gad may use this form to file an amended complaint if he chooses to do so.

8. If Gad fails to file an amended complaint, his case may be dismissed without prejudice for failure to prosecute without further notice.

**BY THE COURT:**

_____
**MITCHELL S. GOLDBERG, J.**