```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| AHMED F. GAD<br>Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042 | : <br> : <br> : <br> : <br> : |
| v. | : <br> : |
| NORTHAMPTON COUNTY, PENNSYLVANIA<br>669 Washington Street<br>Easton, PA 18042<br>Norristown, PA 19401<br>    and<br>CORRECTIONS OFFICER JOHN HARMAN<br>c/o Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042<br>    and<br>CORRECTIONS OFFICER JOHN COLARUSSO<br>c/o Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042<br>    and<br>CORRECTIONS OFFICER JONATHON GLOVAS<br>c/o Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042<br>    and<br>CORRECTIONS OFFICER KYLE WENE<br>c/o Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042<br>    and<br>CORRECTIONS OFFICER JACKIE MCNAIR<br>c/o Northampton County Prison<br>666 Walnut Street<br>Easton, PA 18042 | : Civil Action No.<br>: <br>: 18-3900<br>: <br>: <br>: JURY TRIAL DEMANDED<br>: |

FILED
JUL 12 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc, et seq.. Jurisdiction is based upon 28 U.S.C. §§

1331 and 1343 (1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, Ahmed Gad, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was an inmate at the Northampton County Prison.

3. Defendant, Northampton County, Pennsylvania, is a municipal governmental unit created and authorized under the laws of the Commonwealth of Pennsylvania and is authorized by law to maintain Defendant, Northampton County Prison, by and through its employees, officers, agents, servants, administrators and/or workmen who at all times relevant hereto were acting within the course and scope of their employment for same, under the color of state law and in accordance with Northampton County's policies, practices and customs, and employs Defendants, Corrections Officer John Harman, Corrections Officer John Colarusso, Corrections Officer Jonathan Glovas, Corrections Officer Kyle Wene, and Corrections Officer Jackie McNair.

4. Defendant, Corrections Officer John Harman, at all times relevant hereto was acting under color of law and within the scope of his employment as an officer, agent and/or employee of Defendant, Northampton County, Pennsylvania, and was assigned to

the Northampton County Prison and was responsible for the welfare of Plaintiff, Ahmed Gad. He is being sued in his individual capacity.

5. Defendant, Corrections Officer John Colarusso, at all times relevant hereto was acting under color of law and within the scope of his employment as an officer, agent and/or employee of Defendant, Northampton County, Pennsylvania, and was assigned to the Northampton County Prison and was responsible for the welfare of Plaintiff, Ahmed Gad. He is being sued in his individual capacity.

6. Defendant, Corrections Officer Jonathon Glovas, at all times relevant hereto was acting under color of law and within the scope of his employment as an officer, agent and/or employee of Defendant, Northampton County, Pennsylvania, and was assigned to the Northampton County Prison and, among other duties, was responsible for the welfare of Plaintiff. He is being sued in his individual capacity.

7. Defendant, Corrections Officer Kyle Wene, at all times relevant hereto was acting under color of law and within the scope of his employment as an officer, agent and/or employee of Defendant, Northampton County, Pennsylvania, and was assigned to the Northampton County Correctional Facility and, among other duties, was responsible for the welfare of Plaintiff. He is being sued in his individual capacity.

8. Defendant, Corrections Officer Jackie McNair, at all times relevant hereto was acting under color of law and within the scope of her employment as an officer, agent and/or employee of Defendant, Northampton County, Pennsylvania, and was assigned to the Northampton County Prison and, among other duties, was responsible for the welfare of Plaintiff. She is being sued in her individual capacity.

9. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff Ahmed Gad of his constitutional and statutory rights.

**Factual Allegations**

10. At all times relevant hereto Plaintiff Ahmed Gad was an inmate at the Northampton County Prison, under the control of the Northampton County Department of Corrections.

11. More specifically, on June 6, 2017 Plaintiff Ahmed Gad was booked into the Northampton County Prison where he remained until approximately April 4, 2018.

12. At all times relevant hereto, Plaintiff was a devote believer in the Muslim faith. His belief in the Muslim faith traditions and requirements were sincerely held.

13. As part of Plaintiff's sincerely held religious beliefs, he is required to pray at specified times during the day.

14. As part of Plaintiff's sincerely held religious beliefs, he is required to wash before beginning his prayer.

15. Beginning sometime in approximately late June of 2017 he was denied the opportunity to wash before praying. CO Harman and/or CO Colarusso and/or CO Glovas and/or CO Wene and/or CO McNair advised Plaintiff that he "could do all his washing in the shower" as such time as CO Harman and/or CO Colarusso and/or CO Glovas and/or CO Wene and/or CO McNair would allow him to go to the shower.

16. Defendant CO Harman and/or Defendant CO Colarusso and/or Defendant CO Glovas and/or Defendant CO Wene and/or Defendant CO McNair refused to allow Plaintiff to pray at the required specified times in order for him to properly practice his Muslim faith.

17. All of the Defendant corrections officers, including Defendant Harman, Colarusso, Glovas, Wene and McNair caused Plaintiff to be placed into restricted housing, that is solitary confinement, as a direct result of Plaintiff's insistence that he be allowed to practice his Muslim faith.

18. As a result of the actions of Defendants Harman, Colarusso, Glovas, Wene and McNair, Plaintiff was placed in solitary confinement for approximately seven (7) months.

19. On or about December 17, 2017 when Plaintiff was complaining about his inability to practice his Muslim faith, and other conditions of his confinement, he was punched by Defendant Corrections Officer Wene resulting in a fracture to Plaintiff's ribs.

20. Shortly after being assaulted by Corrections Officer Wene, Plaintiff filed a grievance. As a result of that grievance, he was retaliated by Defendants Glovas, Colarusso and McNair. More specifically, the retaliation of Defendants Harman and/or Colarusso and/or Glovas and/or Wene and/or McNair consisted of the following. During more than a month of his placement in restrictive housing and/or solitary confinement he was kept in a cell with no light; signs were placed on his cell deriding Plaintiff for his Muslim faith calling him a terrorist and a fagot; inmates who brought Plaintiff's food tray to his cell were told to place their genitals in Plaintiff's food knowing this would cause Plaintiff great distress.

21. On or about January 20, 2018 Defendant Glovas opened the door to Plaintiff's cell and ordered another inmate into Plaintiff's cell to assault the Plaintiff resulting in physical injuries to the Plaintiff.

## COUNT I. VIOLATION OF 42 U.S.C. § 1983

22. Plaintiff incorporates by reference paragraphs 1 through 21 of the instant Complaint.

23. At all times relevant hereto, all of the Defendant corrections officers were acting under color of state law.

24. The actions of all Defendant corrections officers as described herein constitute a violation of Plaintiff's rights guaranteed under the First, Eighth, and Fourteenth Amendments to

the United States Constitution.

### COUNT II. VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT 42 U.S.C. § 2000cc, et seq.

25. Plaintiff incorporates by reference paragraphs 1 through 24 of the instant Complaint.

26. Upon information and belief, the Northampton County Prison is owned and operated by the County of Northampton.

27. The actions of the Defendant corrections officers herein described caused a substantial burden on Plaintiff's sincerely held religious rights and beliefs.

28. Upon information and belief, the County of Northampton owns, controls, maintains and administers the Northampton County Prison and accepts federal funds for the Northampton County Prison.

29. The actions of the individual Defendants as described herein all taken in the course and scope of their employment as corrections officers for the County of Northampton. Those actions resulted in a substantial burden upon Plaintiff in the free exercise of a central tenet of the Muslim faith. More specifically, his being denied the opportunity to pray at certain times of the day, denied the ability to wash before praying and being retaliated against by being placed in solitary confinement all amounted to a substantial burden involving central tenets of the Muslim faith.

### COUNT III. 42 U.S.C. § 1983 FIRST AMENDMENT AND FOURTEENTH AMENDMENT

30. Plaintiff incorporates by reference paragraphs 1 through 29 of the instant Complaint.

31. The actions of the Defendant corrections officers as described herein constitute a violation of Plaintiff's First Amendment right to the free exercise of religion and further amount to discrimination against him in violation of rights guaranteed to the Plaintiff by the First and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff Ahmed Gad requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs;

    d. Such other and further relief as appears reasonable and just; and

    e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _/s/ Patrick G. Geckle_

Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - telephone
(215) 689-2803 - fax

## CERTIFICATE OF SERVICE

I, Patrick G. Geckle, Esquire, of **PATRICK G. GECKLE, LLC**, attorney for Plaintiff, Ahmed Gad, hereby certify that on this date I served the Amended Complaint upon the person and in the manner indicated below which service satisfies the requirements of the U.S. District Court for the Eastern District of Pennsylvania, a true and correct copy of the same was filed electronically and is available for viewing and downloading from the ECF system to:

Charles Gilliam-Brownlee, Esquire
The MacMain Law Group LLC
433 W. Market Street, Suite 200
West Chester, PA 19382

**PATRICK G. GECKLE, LLC**

By: /s/ Patrick G. Geckle
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff

DATED: July 12, 2019