IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AHMED GAD,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 18-cv-3900 |
| **NORTHAMPTON COUNTY, ET AL.,** | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW**, this 28th day of September, 2021, following an April 8, 2021 evidentiary hearing on Defendants' "Supplemental Brief on the Evidentiary Question of Exhaustion" (ECF No. 74), and Plaintiff's "Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment" (ECF No. 73), and for the reasons set forth in my accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. Plaintiff's 42 U.S.C. § 1983 claim (Count I), regarding an alleged instance in which Defendant Correctional Officer Johnathon Glovas permitted another inmate into Plaintiff's cell to assault him, is **DISMISSED** based upon Plaintiff's concession that he failed to exhaust this claim.

2. Plaintiff's 42 U.S.C. § 1983 claim (Count I), regarding alleged excessive force by Defendant Correctional Officer Kyle Wene, **HAS BEEN EXHAUSTED**, and thus, may proceed to resolution on the merits.

3. Northampton County Prison's grievance system was **UNAVAILABLE** to Plaintiff for his claims of: violations under 42 U.S.C. § 1983 (Count I), a violation of the Religious Land Use and Institutionalized Persons Act (Count II), and a violation of the First Amendment's

1

Free Exercise clause (Count III), regarding his complaints of being unable to practice his Muslim faith and facing retaliation for doing so. Thus, Plaintiff is **EXCUSED FROM EXHAUSTING** these claims and may proceed to resolution on the merits.

4. **Within thirty (30) days as of the date of this Order**, in accordance with my accompanying Memorandum Opinion, Defendants may file a renewed motion for summary judgment on Plaintiff's remaining claims.

                    **BY THE COURT:**

                    */s/ Mitchell S. Goldberg*
                    **MITCHELL S. GOLDBERG, J.**